```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION
```

```
JEFFREY W. MIZELL,                *
                                  *
     Plaintiff,                   *
                                  *
vs.                               *    CIVIL ACTION No. 00-00699-CG-B
                                  *
MICHAEL J. ASTRUE,                *
Commissioner of                   *
Social Security,                  *
                                  *
     Defendant.                   *
```

## REPORT AND RECOMMENDATION

This action is before the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure on Petitioner's Motion for Attorney Fees (Doc. 31) and Defendant's Response thereto (Doc. 35). Upon consideration of all pertinent materials contained in this file, it is recommended that the Motion for Attorney Fees (Doc. 31) be **GRANTED.**

## I.   Findings Of Fact

1. On November 6, 1997, Plaintiff filed an application for a period of disability and disability insurance benefits. Plaintiff's claims were denied initially and upon reconsideration (Doc. 31-2).

2. On January 8, 1998 Plaintiff retained Petitioner, Rose A. McPhillips, attorney at law, to represent him before the Social Security Administration regarding his claim for a period of disability and disability insurance benefits. The agreement

provided that Plaintiff agreed to pay an attorney's fee equal to twenty-five percent (25%) of any accumulated past-due benefits paid to him in the event of the successful prosecution of his claim. (Doc. 31-2, Ex. 2).

3.   On December 17, 1998, an Administrative Law Judge entered a decision unfavorable to Plaintiff, wherein he found that Plaintiff was not entitled to a period of disability and disability insurance benefits. (Doc. 31-2) Plaintiff timely filed an appeal, and on July 17, 2000, the Appeals Council upheld the denial of benefits. (Id.)

4.   On August 1, 2000, Plaintiff filed this action seeking judicial review of a final decision of the Commissioner of Social Security denying his claim for period of disability and disability insurance benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401 et seq.  (Doc. 1).

5.   On August 10, 2000, Plaintiff filed a new application for benefits, and a hearing was held on September 12, 2001.  Before a decision was issued on the August 10, 2000 application, this case was remanded and the applications were consolidated.  (Doc. 31-2).

6.   On April 30, 2001, Plaintiff filed a notice to the court of incomplete transcript and a Motion for Remand Under Sentence Four (Docs. 12, 14), and on May 23, 2001 Defendant filed a motion to remand (Doc. 15).

7.   This action was then referred to the Magistrate Judge

2

Kristi D. Lee for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and on May 25, 2001, Magistrate Judge Lee recommended that the Commissioner's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), for a new hearing.  (Doc. 18).  Defendant filed no objections to Magistrate Judge Lee's report and recommendation.

8.  On June 19, 2001, United States District Judge Virgil Pittman adopted the report and recommendation and entered a judgment, reversing and remanding this cause to the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g), making Plaintiff a prevailing party under the Equal Access To Justice Act ("EAJA"), 28 U.S.C. § 2412.  (Docs. 19, 20).  Plaintiff filed a fee petition pursuant to the EAJA, and on December 3, 2001, the Court awarded Plaintiff $1,756 for attorney's fees and expenses[1].  (Doc. 30)

9.  On February 14, 2002, a supplemental administrative hearing was conducted, and on April 30, 2002, an unfavorable opinion issued.  (Doc. 31-2).

10.  On June 20, 2002, Plaintiff filed a new application for Disability Insurance Benefits, and for Supplemental Security Income benefits, alleging an onset of May 1, 2002.  A fully favorable opinion issued on January 29, 2003.  (Doc. 31-2).

11.  On June 9, 2005, the Appeals Council affirmed the finding that the Plaintiff was disabled beginning May 1, 2002, and

---

[1] $125 per hour x 12.5 hours + 193.50 for expenses = $1,756.

remanded the case to the ALJ on the issue of disability prior to that date, for the period from August 29, 1997 through April 30, 2002.  (Doc. 31-2).

12.  On October 25, 2005, a hearing was held, and in January of 2006, a fully favorable decision issued.  (Doc. 31-2).

13.  Petitioner received a letter from Social Security dated June 27, 2007, which did not explicitly state the amount of Plaintiff's past due benefits, but which stated that the amount of $30,536.25 had been withheld as payment for authorized attorney's fees, $5,300 of which had been paid for services performed before the Social Security Administration, and that $25,236.25 was still being withheld.  (Doc. 31-2 Ex. 3).  Counsel has received $5,300 in fees from Social Security as a result of the January 29, 2003 decision, and has previously been awarded $1,756 in EAJA fees.  (Doc. 31-2).  Petitioner asserts that 25% of Plaintiff's past-due benefits, less the $5,300 already paid, amounts to $25,236.25.  (Id.)

14.  Accordingly, Petitioner requests that the amount of $25,236.25 be approved as an attorney's fee for legal services rendered to Plaintiff before this Court, which is also consistent with the agreement reached between Petitioner and Plaintiff.  (Doc. 31-2 at Ex. 2).

15.  As noted supra, Petitioner represented Plaintiff on a contingency fee basis.  (Doc. 31-2 at Ex. 2).  As demonstrated by

Petitioner's form contingency contract signed by Plaintiff, Petitioner's customary fee for representing a claimant before this Court is twenty-five percent (25%) of the accumulated retroactive benefits awarded to Plaintiff in the event of the successful prosecution of the claim. (Id.) The amount requested, $25,236.25, represents 25% of Plaintiff and Plaintiff's children's combined past-due benefits, less the $5,300 previously paid, and the amount requested by Petitioner for work at the federal court level, which is not more than twenty-five percent (25%) of Plaintiff's past due benefits.

16.  On September 7, 2007, Defendant filed its response to Petitioner's authorization for contingency fees, stating that an attorney fee award in the amount of $25,236.25 pursuant to Section 406(b), is not reasonable in light of the fee agreement with Plaintiff and the services rendered in representing Plaintiff in this action.  Defendant requests that this Court approve a lesser fee. (Doc. 35). Specifically, Defendant contends that a fee award of $25,236.25, for 15 hours of work, results in an hourly rate of approximately $1,682.41 which is unreasonable and represents a windfall to Petitioner. (Id.)

**II. Conclusions Of Law**

    **A.   Governing Law**

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that when a court renders a favorable

judgment to a Social Security claimant "[w]ho was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).[2] Section 406(b) "does not invalidate all contingent fee arrangements--it merely sets their upper limit--and because such arrangements effectuate congress's objective of securing adequate representation for social security claimants, a requested fee based on a contingent fee arrangement should be enforced unless the court finds it to be unreasonable."  Wells v. Sullivan, 907 F.2d 367, 370 (2d Cir. 1990).

The Eleventh Circuit previously applied the "lodestar method," under which the number of hours reasonably devoted to the action was multiplied by a reasonable hourly fee, to be the starting point and centerpiece for the courts in calculating reasonable Section 406(b) fees.  The existence of a contingent-fee agreement was just one of a number of factors to be considered in adjusting the lodestar amount upward or downward.  Kay v. Apfel, 176 F.3d 1322, 1324-1327 (11th Cir. 1999), abrogated by Gisbrecht v. Barnhart, 535 U.S. 789 (2002).  In Gisbrecht, the Court held that Section 406(b) "does not displace contingent-fee agreements within the statutory

---

[2]"When a claimant receives a favorable administrative decision following a remand of a case by the district court to the Secretary, the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)."  Rohrich v. Bowen, 796 F.2d 1030, 1031 (8th Cir. 1986) (citations omitted).

6

ceiling; instead [the section] instructs courts to review for reasonableness fees yielded by those agreements." Gisbrecht, 535 U.S. at 809.  Gisbrecht specifically rejected the lodestar method of determining fees, stating that it is "unlikely that Congress, legislating in 1965, and providing for a contingent fee tied to a 25 percent of past-due benefits boundary, intended to install a lodestar method courts did not develop until some years later." Id. at 805-806.  The Court then stated as follows:

> . . . . Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.  [] Congress has provided one boundary line:  Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. § 406(b)(1)(A) (1994 ed., Supp. V). [] Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered . . . .

Id. at 807 (footnotes omitted).

In Gisbrecht, the Court did not specifically delineate the factors that district courts should consider when determining the reasonableness of the contingency fee arrangement, but did cite, with approval, an approach used to evaluate reasonableness by several circuits:

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved . . . . If the

>     attorney is responsible for delay, for example, a
>     reduction is in order so that the attorney will not
>     profit from the accumulation of benefits during the
>     pendency of the case in court . . . . If the benefits are
>     large in comparison to the amount of time counsel spent
>     on the case, a downward adjustment is similarly in order
>     . . . . In this regard, the court may require the
>     claimant's attorney to submit, not as a basis for
>     satellite litigation, but as an aid to the court's
>     assessment of the reasonableness of the fee yielded by
>     the fee agreement, a record of the hours spent
>     representing the claimant and a statement of the lawyer's
>     normal hourly billing charge for noncontingent-fee cases
>     . . . . Judges of our district courts are accustomed to
>     making reasonableness determinations in a wide variety of
>     contexts, and their assessments in such matters, in the
>     event of an appeal, ordinarily qualify for highly
>     respectful review.

Gisbrecht, 535 U.S. at 808 (citations omitted).  From this, it appears that the Supreme Court intends that the lower courts give great deference to the contingency fee arrangement, and uphold such arrangements unless the fees produced by them are found to be unreasonable.  A contingent fee arrangement is unreasonable where the contingency percentage is over the 25 percent cap, where there is evidence of fraud or overreaching in making the agreement, or where the requested amount is so large as to be a windfall to the attorney.  Wells, 907 F.2d at 372.  Factors that may be considered in reviewing for reasonableness include: 1) the character of representation; 2) the result achieved by the attorney; 3) any delay caused by the attorney; 4) the amount of benefits relative to the time spent on the action such that the attorney receives a windfall; 5) fraud or overreaching in making the agreement; and 6) the requested fee does not exceed 25 percent of past-due benefits.

Gisbrecht, 583 U.S. at 808-809.

**B. Discussion**

Petitioner has presented an itemized statement showing that 15 hours were spent on this case pursuing Plaintiff's claim in federal court, and requests an award of $25,236.25, which represents the balance remaining of twenty-five percent (25%) of back benefits in the amount of more than $122,000 awarded to Plaintiff and his children. (Doc. 31-2, Ex.4).

Specifically, Petitioner argues that the contingent fee agreement should be found reasonable and given effect. In support, Petitioner states she is an attorney who specialized in Social Security litigation, that she represented Plaintiff for nine years, at four administrative hearings before three Administrative Law Judges, at two Appeals Council proceedings and in District Court. She asserts that she also worked with the Program Center to secure accurate payment of the benefits, and effectively argued for additional benefits after a "partially favorable" decision was obtained. (Doc. 31-2). Petitioner also sets forth that her efforts resulted in benefits obtained in the amount of $122,000. Id. Petitioner has provided a copy of her contingent-fee agreement wherein Plaintiff agreed to pay an attorney's fee equal to twenty-five percent (25%) of all past-due benefits payable to plaintiff (Id. at Ex. 2). Further, she has provided Plaintiff's affidavit, which asserts that he is in agreement with Petitioner's receiving

a $25,236.25 fee, which he believes is a fair amount.  (Doc. 31-2, Ex. 1).

In its opposition, the Commissioner contends that Petitioner's request is unreasonable and that this Court should consider the hours spent in court and the lawyer's normal hourly billing rate for non-contingent fee cases.  The Commissioner points out that to award Petitioner a fee of $25,236.25 for 15 hours would yield an hourly rate of $1,682.41, and requests that this Court award no more than a reasonable fee under Section 406(b).  (Doc. 35).

The undersigned has carefully reviewed the record in this case, including the Commissioner's concern about the large award being requested by Petitioner's counsel.  Based upon the undersigned's thorough review, it is recommended that Petitioner's counsel be awarded the requested fee for a number of reasons. First, the Supreme Court has rejected an hourly approach ("lodestar method") for determining the reasonableness of a contingency fee arrangement, noting that the lodestar method is inappropriate because it is "designed to govern imposition of fees on the losing party."   Gisbrecht, 535 U.S. at 805.  In evaluating the reasonableness of the contingency fee arrangement, this Court notes that Petitioner obtained a fully favorable decision for her client which included significant past due benefits in the amount of $122,000 and future benefits.  Also, Petitioner is recognized in this community as an experienced, reputable and capable attorney

who practices almost exclusively in the area of Social Security law. Moreover, Petitioner states that she has represented Plaintiff for nine years. This Court recognizes that by assuming this lengthy nine-year representation, Petitioner assumed a significant risk that she may never recover any fee for her efforts. This Court does not look in isolation at the 15 hours spent in this Court. Furthermore, while there do not appear to have been any novel legal issues or arguments presented, Petitioner was required to overcome legal and factual obstacles to the enhancement of the benefits awarded to her client which would justify a maximum award. This Court acknowledges that the hours spent may appear disproportionate to the award; however, Plaintiff and Petitioner entered into an agreement, within the statutory maximum, which secured representation by capable and experienced counsel and consequently, Petitioner assumed the risk that she would receive nothing if unsuccessful. In <u>Wells</u>, the court held that

> [w]e must recognize, however, that a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment. (Citations omitted) Therefore, we ought normally to give the same deference to these agreements as we would to any contract embodying the intent of the parties. (Citations omitted) Based on these principles, we hold that where there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement

> only when it finds the amount to be unreasonable. (Citations omitted).

907 F.2d at 370. Additionally, the undersigned finds noteworthy the fact that Plaintiff has executed an affidavit in support of his counsel's fee request. In his affidavit, Plaintiff avers that he is very pleased with the results that his counsel achieved for him, that he is aware of her fee request, that he believes the fee requested is fair, and that he is fully supportive of his counsel's fee request.

Therefore, upon consideration of the foregoing, the undersigned finds that an award of $25,236.25 to Petitioner, for representation of Plaintiff at the federal court level, is not unreasonable in this case.[3]  See, e.g., Thomas v. Barnhart, 412 F. Supp. 2d 1240 (M.D. Ala. 2005).

### III. Conclusion

Thus, the undersigned **RECOMMENDS** authorization of Petitioner to receive, as an attorney's fee pursuant to Section 406(b) for services rendered at the federal appeals level, the sum of **$25,236.25.** This total is equal to twenty-five (25%) percent of the

---

[3] See also e.g., Yarnevic v. Apfel, 359 F. Supp. 2d 1363, 1363-67 (N.D. Ga. 2005) (approving a contingency fee agreement resulting in an award of $21,057.75); Claypool v. Barnhart, 294 F. Supp. 2d 829 (S.D.W. Va. 2003) (approving a request for an award under a contingency fee agreement of $18,000, for 12.56 hours, resulting in an hourly rate of $1,433.00); Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (approving $25,132.50 for 56 hours); Brown v. Barnhart, 270 F. Supp. 2d 769, 772-73 (W.D. Va. 2003) (approving contingency fee resulting in an hourly rate of $977.00); Martin v. Barnhart, 225 F. Supp. 2d 704 (W.D. Va. 2002) (approving $10,189.50 for 16.82 hours); Coppett v. Barnhart, 242 F. Supp. 2d 1380, 1385 (S.D. Ga. 2002) (approving contingency fee resulting in an hourly rate of $350.00).

total past-due benefits awarded to Plaintiff, which amount to over $122,000.  The Magistrate Judge further **RECOMMENDS** entry of an order directing Petitioner to disburse to Plaintiff the sum of **$1,756.00** which was previously awarded pursuant to the Equal Access to Justice Act ("EAJA").[4]

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **30th** day of **January, 2008.**

>                   /s/ SONJA F. BIVINS
>             **UNITED STATES MAGISTRATE JUDGE**

---

[4]When an attorney obtains a fee award under the EAJA, and subsequently obtains a fee award under the Social Security Act, the attorney must return the smaller of the two to the plaintiff.  See Section 206 of Pub. L. No. 96-481, as amended by Pub. L. No. 99-80, § 3, Aug. 5, 1985, 99 Stat. 186, which states as follows:

> (b) Section 206(b) of the Social Security Act [42 U.S.C. § 406(b)] . . . shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code.  Section 206(b) of the Social Security Act shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the same work under both section 206(b) of that Act and section 2412(d) of title 28, United States Code, the claimant's attorney refunds to the claimant the amount of the smaller fee.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.    <u>Objection</u>.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)©; <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

     A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    <u>Opposing party's response to the objection</u>.  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.    <u>Transcript (applicable where proceedings tape recorded)</u>.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                              **/s/ SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**